IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:06-CR-160-BO-1
No. 5:11-CV-338-BO

BOBBY LEE RAWLINGS,  )
    Petitioner,  )
                                )
v.                             )    **ORDER**
                                )
UNITED STATES OF AMERICA,  )
    Respondent.  )

This matter is before the Court on Petitioner's Motion to Reconsider [DE 151] this Court's order [DE 149] dismissing Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE 141] as untimely.

DISCUSSION

Petitioner (Mr. Rawlings) files his Motion to Reconsider pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) provides several grounds upon which a party may seek relief from a final judgment, order, or proceeding. Those grounds include for reasons of mistake, newly discovered evidence, fraud, voidness of the judgment, satisfaction of the judgment, or any other reason that may justify relief. Fed. R. Civ. P. 60(b)(1)-(6). In cases that have proceeded under 28 U.S.C. § 2255, the district court "must examine Rule 60(b) motions . . . to determine whether such [a] motion[] is tantamount to [a] successive application[]." *United States v. Winestock*, 340 F.3d 200, 208 (4th Cir. 2003).

To determine whether a Rule 60(b) motion is merely a successive application under § 2255, the court should consider whether the motion is "a motion directly attacking the prisoner's conviction or sentence" or is a "motion seeking remedy for some defect in the collateral review

process." *Id.* In the first instance, the motion to reconsider will normally amount to a successive § 2255 motion, while in the second instance the petitioner may have properly made a motion under Rule 60(b). *Id.* (citing *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001)).

Here, Mr. Rawlings raises identical grounds in his Rule 60(b) motion as were raised in his § 2255 motion. Additionally, Mr. Rawlings asks that the Court reconsider its finding that his § 2255 motion was untimely, or that the Court find that equitable tolling should be applied in this case. Reconsideration of a legal issue is not, however, appropriate under Rule 60(b). *Id.* (citing *Eberhardt v. Integrated Design & Constr., Inc.*, 167 F.3d 861, 870 (4th Cir. 1999)).

## CONCLUSION

As the Court has found that Mr. Rawlings' Rule 60(b) motion is in fact a successive motion under § 2255, the Court is without jurisdiction to consider it. *Winestock*, 340 F.3d at 205. A successive motion under § 2255 must first be certified by the circuit court before it may be filed in the district court. 28 U.S.C. § 2244(b)(3)(A). Additionally, even if Mr. Rawlings' Rule 60(b) should not be re-characterized as a successive § 2255 motion, the Court finds no basis upon which to amend its prior ruling that Mr. Rawlings' § 2255 motion was untimely and not appropriate for equitable tolling. Accordingly, Mr. Rawlings' Motion to Reconsider is DENIED.

## CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing Section 2255 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." After reviewing the claims presented in the petition in light of the applicable standard, the Court finds reasonable jurists would not find the Court's treatment of any of Mr. Rawlings' claims debatable or wrong and none of the issues are adequate to deserve

encouragement to proceed further. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 483-85 (2000). Accordingly, a certificate of appealability is DENIED.

SO ORDERED, this **23** day of November, 2011.

                                            TERRENCE W. BOYLE
                                            UNITED STATES DISTRICT JUDGE